IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARLA PERSON, | ) Civil No.: 3:13-cv-00283-JE |
| | ) |
| Plaintiff, | )  FINDINGS AND |
| | ) RECOMMENDATION |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

JELDERKS, Magistrate Judge:

Plaintiff originally filed this employment discrimination action against Defendant Bank of America, N.A. in Multnomah County Circuit Court for the State of Oregon.  On February 18, 2013, Defendant filed a notice of removal.  Defendant now moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

For the reasons set forth below, Defendant's motion should be granted in part and denied in part.

FINDINGS AND RECOMMENDATION – 1

**Background**

Plaintiff's Circuit Court Complaint alleges that Plaintiff is a female over the age of 58 who was employed by Defendant continuously for more than 28 years before "being constructively and wrongfully terminated" in November of 2012.

Plaintiff alleges that Defendant is a banking corporation that is registered to do business in the State of Oregon and does "substantial business in Multnomah County."  Plaintiff further alleges that she worked at Defendant's "Fourth Plain Branch" for the last fifteen years of her employment with Defendant.  In a declaration submitted by Defendant's Senior Vice President of Payroll, Robert Drozynksi, Defendant's "Fourth Plain Branch" is located in Vancouver, Washington.  In his Declaration, Drozynski also asserts that Defendant's records reflect Plaintiff resided in Washougal, Washington from at least January 2, 2010 to January 16, 2013.

Plaintiff alleges that beginning in the Spring of 2012, Defendant unlawfully discriminated against her based on her age.   Plaintiff asserts that her action is brought "pursuant to statutes prohibiting discrimination due to age."

**Discussion**

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim.  I will address each argument in turn.

I. <u>Motion to Dismiss Pursuant to 12(b)(1)</u>

Defendant argues that Plaintiff's Complaint contains insufficient facts to invoke this court's subject matter jurisdiction and should, therefore, be dismissed.

FINDINGS AND RECOMMENDATION – 2

A.  <u>Standards</u>

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." <u>Colwell v. Department of Health and Human Services</u>, 558 F.3d 1112, 1121 (9th Cir. 2009)( <u>quoting Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir. 2002), <u>cert</u>. <u>denied</u>, 537 U.S. 973 (2002)). The party asserting a claim bears the burden of establishing that it has standing and that the matter is ripe for adjudication. <u>Id</u>. (<u>citing</u> <u>Renne v. Geary</u>, 501 U.S. 312, 316 (1991)).

A moving party may base a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction over the allegations of the complaint, or may bring a factually based motion "by presenting affidavits or other evidence properly brought before the court...." <u>Savage v. Glendale Union High School</u>, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1009 (2004). If the motion to dismiss for lack of jurisdiction is factually based, the court may look beyond the allegations of the complaint. <u>Id</u>. (<u>citing</u> <u>White v. Lee</u>, 227 F.3d, 1214, 1242 (9th Cir. 2000)). If the moving party supports a motion to dismiss for lack of jurisdiction with evidence, the nonmoving party "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." <u>Id</u>. The court's consideration of extrinsic evidence presented in support of and opposition to a motion to dismiss for lack of subject matter jurisdiction does not convert the motion to a motion for summary judgment. <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988), <u>cert</u>. <u>denied</u>, 489 U.S. 1052 (1989). If necessary, a court presented with a factually based motion to dismiss on jurisdictional grounds may resolve factual disputes. <u>See</u> <u>Berardinelli v. Castle & Cooke, Inc.</u>, 587 F.2d 37, 39 (9th Cir. 1978).

B.  Analysis

Defendant correctly asserts that Plaintiff failed to include any allegations in her Complaint regarding her residence or any conduct by Defendant in the State of Oregon. Defendant contends, and Plaintiff does not dispute, that Plaintiff was, at all relevant times, residing and working for Defendant in the State of Washington.  Therefore, Defendant argues, this court lacks subject matter jurisdiction over Plaintiff's claims of age discrimination.

Plaintiff argues that in removing this action to federal court, Defendant conceded the existence of subject matter jurisdiction.  Furthermore, Plaintiff argues that this court has both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction because Plaintiff's claims are not limited to state law but rather "include[] a claim based on federal statutes such as the Age Discrimination in Employment Act (ADEA)."

Defendant argues that it did not concede subject matter jurisdiction by removing this action but merely "represented that this federal district court has original jurisdiction over this action on the basis of diversity . . . ." and that Plaintiff improperly conflates two different jurisdictional issues.

Plaintiff's argument that this court has federal question subject matter jurisdiction fails for reasons that will be set out below.  However, Defendant's argument that this court lacks subject matter jurisdiction even though removal was proper and this court had original jurisdiction is also without merit.  The removal statute authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  One basis for federal court jurisdiction is the complete diversity of all parties on one side of the action from all parties on the other side of the action. 28 USC § 1332; In re Digimarc Corp. Derivative Litigation, 549 F3d 1223, 1234 (9th Cir. 2008).

FINDINGS AND RECOMMENDATION – 4

Although Defendant is correct that Plaintiff's Complaint fails to allege facts sufficient to establish this court's jurisdiction, Defendant removed this action to federal court based on diversity jurisdiction and in so doing represented that the requirements of 28 U.S.C. §§ 1332 and 1441 were met.  Neither party disputes that the diversity between the parties is still intact or that the amount in controversy and other requirements of 28 U.S.C. § 1332 are met.  Based on the record before the court, I conclude there are sufficient facts to support diversity jurisdiction.  The absence of allegations of any conduct in Oregon on the part of Defendant may support other jurisdictional arguments or Defendant's motion for failure to state a claim but such absence does not affect this court's subject matter jurisdiction over this action based on diversity. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied.

II.  <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

Defendant moves to dismiss Plaintiff's action for failure to plead facts sufficient to state a claim upon which relief can be granted for age discrimination under Oregon law.  Defendant also argues that Plaintiff's contention that she also asserts claims under other statutes, including the ADEA and Washington state law is without merit because Plaintiff's Complaint fails to assert or even mention claims under federal or Washington State law.  Furthermore, Defendant argues that even if Plaintiff's Complaint is interpreted to assert claims under the ADEA, Plaintiff has failed to allege that she has exhausted her administrative remedies prior to filing her civil action.

A.  <u>Standards</u>

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party.  <u>Parks Sch. of Bus. v.</u>

Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, the court need not accept any legal

conclusions set forth in a plaintiff's pleading.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

      To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient

facts to state a claim for relief "that is plausible on its face".  Id. (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  The court must determine whether the plaintiff has made

factual allegations that are "enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 545.  Dismissal under Rule 12(b)(6) is proper only where there is no

cognizable legal theory to support the claim or when there is an absence of sufficient factual

allegations to support a facially plausible claim for relief.  Shroyer v. New Cingular Wireless

Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

B.  Analysis

      Defendant correctly points out and Plaintiff does not dispute that the Oregon state statute

prohibiting discrimination only applies to individuals residing and/or working in the State of

Oregon.  See ORS §659A.006(1)(prohibiting unlawful discrimination against any inhabitants of

the state of Oregon); ORS § 659A.001(4)(defining "employers" subject to the statute as those

engaging the service of employees "in this state.")  See also Ogden v. Bureau of Labor, 68

Or.App. 235, 247 (1984), aff'd in part, rev'd in part and remanded on other grounds, 299 Or. 98

(1985)(recognizing Oregon protections against unlawful employment practices applied to out of

state resident discriminated against in Oregon).

      If Plaintiff's claims arise solely under Oregon state law then Plaintiff has failed to plead

sufficient facts to state a claim.  The same is true if, as Plaintiff argues, she "seeks a remedy

under all applicable statutes prohibiting discrimination due to age.  That may include the federal

FINDINGS AND RECOMMENDATION – 6

ADEA . . . Washington's Law Against Discrimination . . . and/or Oregon's age-discrimination statute."

First and most importantly, nowhere in Plaintiff's Complaint does she reference any of the above statutes. Plaintiff, instead, makes the blanket assertion that her action is brought "pursuant to statutes prohibiting discrimination due to age." Such a generalized allegation is insufficient to support a claim for relief and does nothing to "give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

In addition, Plaintiff fails to allege sufficient facts to support a claim under either Oregon law or the federal ADEA. There are no allegations that she either resided or worked in Oregon or that any of the alleged discriminatory acts took place in Oregon. Nor are there any allegations that she exhausted any of her administrative remedies prior to filing this civil action as required by 29 U.S.C. 626(d). Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional prerequisite. Sommatino v. U.S., 255 F. 3d 704, 708 (9th Cir. 2001); Whitsitt v. Vinotheque Wine Cellars, 2007 WL2288128 at *1 (E.D. Cal. Aug. 07, 2007)(extending Sommatino holding to ADEA claims). If the Plaintiff intended to plead a claim arising under Washington law, that would need to be clearly set forth in the Complaint in order to give proper notice to the Defendant and to properly frame the issues. Accordingly, Defendant's motion to dismiss for failure to state a claim should be granted.

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss for lack of subject matter jurisdiction (#5-1) should be DENIED. Defendant's motion to dismiss for failure to state a claim

(#5-2) should be GRANTED and a judgment should be entered dismissing this action without prejudice and with leave to refile.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due June 3, 2013.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 16th day of May, 2013.

_____/s/ John Jelderks_____
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 8